# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| v. | : | NO. 03-552-01 |
| JOSE ANTONIO ROTGER PEREZ, Defendant. | : | CIVIL ACTION |
| | : | NO. 07-0296 |

**Memorandum and Order**

YOHN, J.                                                                                    September ___, 2007

Defendant Jose Antonio Rotger Perez filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") on January 23, 2007, alleging, among other things, ineffective assistance of trial counsel.  The government filed a motion to dismiss, arguing that Perez's waiver of his right to collaterally attack the judgment bars the petition.  After the issue had been briefed by the parties, the Third Circuit addressed the issue of collateral-attack waivers as applied to ineffective assistance of counsel claims raised for the first time in a collateral review proceeding under 28 U.S.C. § 2255.  *See United States v. Shedrick*, 493 F.3d 292 (3d Cir. 2007).  The Third Circuit in *Shedrick* strongly suggested that colorable ineffective assistance of counsel claims are, as a rule, sufficient to overcome a defendant's waiver of collateral attack.  Because the defendant has a colorable ineffective assistance of counsel claim, I will deny the government's motion to dismiss and direct the government to substantively respond to his § 2255 motion.

1

**I. Background and Procedural History**

On August 28, 2003, a grand jury returned an indictment charging the defendant with five counts of Hobbs Act armed robbery, in violation of 18 U.S.C. § 1951, and five counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The defendant pled not guilty and elected to have a jury trial. Before the end of the prosecution's case, however, the defendant decided to plead guilty. *See United States v. Perez*, No. 03-00552-01, 2004 WL 354312, at *1 (E.D. Pa. Feb. 2, 2004). He consulted with his attorney, signed a written plea agreement, engaged in an extensive colloquy under oath and on the record, and pled guilty to all counts. The trial court was satisfied that the defendant was entering into the agreement knowingly, intelligently, and voluntarily; the court therefore accepted the defendant's plea on December 11, 2003. *Id.* The plea agreement was enforced despite defendant's later motion to withdraw it, *United States v. Perez*, 2004 WL 354312. After sentencing, defendant appealed; the Third Circuit affirmed the trial court's refusal to allow defendant to withdraw his guilty plea. *United States v. Perez*, 115 Fed. Appx. 586, 588 (3d Cir. 2004). The United States Supreme Court then granted certiorari and vacated the judgment in light of *Booker v. Washington*, *Perez v. United States*, 544 U.S. 916 (2005). On remand, the Third Circuit again "affirm[ed] the District Court's refusal to permit Perez's withdrawal of his guilty plea" and held that, in waiving his right to appeal as part of the plea agreement, he had "waived his right to appeal his sentence under *Booker*." *United States v. Perez*, 152 Fed. Appx. 98, 99 (3d Cir. 2005). On January 23, 2007, the defendant timely filed his § 2255 motion, collaterally attacking the judgment of the trial court.

**II. Discussion**

A federal prisoner may, under 28 U.S.C. § 2255, move the sentencing court to vacate, set aside, or correct his sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose [the] sentence, . . . the sentence was in excess of the maximum authorized by law, or [the sentence] is otherwise subject to collateral attack." When a prisoner files a § 2255 motion, the district court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). In making this determination, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Id.*

If a defendant, as part of a plea bargain, waives his right to appeal or collaterally attack a judgment, that waiver will be enforced absent a miscarriage of justice. "[W]aivers of appeals are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice." *Khattak v. United States*, 273 F.3d 557, 558 (3d Cir. 2001); *see also id.* at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 26 (1st Cir. 2001)) (setting out a five-factor test). The miscarriage-of-justice standard applies not only to waivers of appeals, but also to waivers of collateral attacks. *See Shedrick*, 493 F.3d at 297, 298 n.6; *United States v. Robinson*, No. 04-2372, 2007 WL 2253423, at *2 (3d Cir. Aug. 7, 2007); *see also Gonzalez v. United States*, No. 07-1797, 2007 WL 2407288, at *2 (E.D. Pa. Aug. 20, 2007) ("In the recent case of *United States v. Shedrick*, the court of appeals implicitly held that collateral-waiver provisions are generally enforceable unless their enforcement would result in a miscarriage of justice.").

The Third Circuit implied that collateral-attack waivers *must* be invalidated as to

3

potentially viable ineffective assistance of counsel claims: "Enforcing a collateral-attack waiver where constitutionally deficient lawyering prevented [the defendant] from understanding his plea . . . would result in a miscarriage of justice." *Shedrick*, 493 F.3d at 298.

A defendant may not, however, circumvent a collateral-attack waiver simply by asserting ineffective assistance of counsel. A waiver will be enforced if the claim is not potentially viable. *Compare id.* at 301 (invalidating a collateral-attack waiver as to a failure-to-timely-appeal claim, where the record "clearly reflects" counsel's deficiency) *with id.* at 300 (enforcing a collateral-attack waiver as to a failure-to-explain-the-plea-agreement claim because "it is inconceivable" that the defendant was unaware of the maximum sentence) *and United States v. Robinson*, 2007 WL 2253423, at *2 (upholding a collateral-attack waiver as to a failure-to-explain-the-plea-agreement claim because the record reflected both counsel's explanation of the agreement to the defendant and a thorough plea colloquy).[1]

To establish ineffective assistance of counsel, a defendant must show that (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficiency, a defendant must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir.1999) (citing *Strickland*, 466 U.S. at 688). To prove prejudice, a defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

---

[1] The only other district court to have applied the recently enunciated *Shedrick* rule apparently reached the same conclusion. "Essentially then, the [Third Circuit] held that a collateral-attack waiver should not be enforced if a habeas petition has alleged potentially viable ineffective-assistance-of-counsel claims, since refusing to consider and to remedy such claims, if true, would result in a miscarriage of justice." *Gonzalez*, 2007 WL 2407288, at *3.

*Strickland*, 466 U.S. at 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding," *id.* at 693; rather "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Counsel is presumed to have acted within the range of "reasonable professional assistance"; the defendant bears the burden of "overcoming the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). That presumption, however, rests on counsel's fulfillment of her duty "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 689, 691. "Only choices made after a reasonable investigation of the factual scenario are entitled to a presumption of validity." *Rolan v. Vaughn*, 445 F.3d 671, 682 (3d Cir. 2006).

Taking the defendant's allegations as true, trial counsel's conduct fell below an objective standard of reasonableness. Defendant alleges as follows[2]: Trial counsel failed to investigate the defendant's claim that he used a toy gun in four of the five robberies, and he failed to contact two of the defendant's friends, who not only could have testified that the gun used was a toy, but also

---

[2] Defendant's response to the government's motion to dismiss argues that defendant's trial counsel was ineffective with respect to negotiating the plea agreement (Def.'s Reply 4.), while his § 2255 petition focuses on counsel's failure to investigate. For a court to overlook a waiver of collateral attack, claims of ineffective assistance need not relate to the effectiveness of counsel with respect to negotiating the waiver. For example, the Third Circuit, in *Shedrick*, permitted the defendant's § 2255 claim alleging ineffectiveness for failing to timely file an appeal to go forward. The court declined to exercise its jurisdiction with respect to the defendant's claim that counsel failed to advise him during plea negotiations of the possibility of an enhanced sentence or an upward departure, for the record of the plea colloquy and written agreement made it "inconceivable" that the defendant was unaware of the maximum sentence. 493 F.3d at 300-02.

could have produced the gun. (Pet'r's Mot. 14.)  Trial counsel falsely told the defendant he had attempted to speak with both potential witnesses, telling the defendant that one, Darius Jones, said he had not seen or been given any type of gun, and the other, Maria Sanchez, refused to speak with him.  (Aff. of Antonio Perez, Ex. 1 to Pet'r's Mot. 5.)  Defendant further alleges he was actually prejudiced by his attorney's failure to investigate:  "Jones' and Sanchez's eyewitness [evidence] and the evidence of the toy gun, if true, exonerates the Petitioner and, if timely presented to the Court during the Petitioner's criminal proceedings, would have produced a different outcome, with respect to the multiple firearm convictions . . . ."  (Def.'s Mot. 12.)  Defendant has thus asserted a colorable claim of ineffective assistance of counsel.

III. Conclusion

As the defendant has set forth a colorable ineffective assistance of counsel claim in his § 2255 motion, the Third Circuit's *Shedrick* rule requires this court to allow the defendant's claim to move forward, lest a miscarriage of justice result.  Therefore, the government's motion to dismiss will be denied, and the government is ordered to substantively respond to defendant's § 2255 motion.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| v. | : | NO. 03-552-01 |
| JOSE ANTONIO ROTGER PEREZ, Defendant. | : | CIVIL ACTION |
| | : | NO. 07-0296 |

## Order

YOHN, J.

And now, this _____ day of September 2007, upon careful consideration of the government's motion to dismiss defendant Perez's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255, and defendant's response thereto, IT IS HEREBY ORDERED that the government's motion to dismiss is DENIED.

IT IS FURTHER ORDERED that the government will substantively respond to the defendant's § 2255 motion within 60 days.

                                                   s/ William H. Yohn Jr.
                                                   William H. Yohn Jr., Judge